

Opinions of the United
States Court of Appeals
for the Third Circuit

4-7-2004

# Joseph M. Grey Pub v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Joseph M. Grey Pub v. Commissioner IRS" (2004). *2004 Decisions.* Paper 856.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/856

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-4417, 03-2756 and 03-2757

JOSEPH M. GREY PUBLIC ACCOUNTANT, P.C.,
Appellant in No. 02-4417

v.

COMMISSIONER OF INTERNAL REVENUE


WATER PURE SYSTEMS, INC.,
Appellant in No. 03-2756

v.

COMMISSIONER OF INTERNAL REVENUE


MIKE J. GRAHAM TRUCKING, INC.,
Appellant in No. 03-2757

v.

COMMISSIONER OF INTERNAL REVENUE
_____

On Appeal  from the United States Tax Court

No. 02-4417
Tax Judge: The Honorable James S. Halpern
(Tax Ct. No. 00-4789)

No. 03-2756
Tax Judge: The Honorable Mary Ann Cohen
(Tax Ct. No. 01-11344)

No. 03-2757

_____

Submitted under Third Circuit LAR 34.1
March 23, 2004

Before: FUENTES, SMITH and GIBSON,[*] *Circuit Judges*

(Filed:  April 7, 2004)

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge.*

The Internal Revenue Service ("IRS") classified an officer and shareholder of each

of the appellant corporate taxpayers as an employee for purposes of federal employment

taxes.  The Notice of Determination sent to each of the taxpayers and advising of them of

this classification also indicated that the taxpayer was not entitled to relief under Section

530 of the Revenue Act of 1978.[1]  As a result, each of the corporate taxpayers was

assessed employment taxes for its respective employee under the Federal Insurance

Contributions Act ("FICA"),  26 U.S.C. §§ 3101-3128, and the Federal Unemployment

_____

[*]Honorable John R. Gibson, Senior Circuit Judge for the United States Court of
Appeals for the Eighth Circuit, sitting by designation.

[1]*See* Revenue Act of 1978, Pub. L. No. 95-600, 92 Stat. 2763 (*amended by* Act of Dec.
29, 1979, Pub. L. No. 96-167, 93 Stat. 1275; Act of Dec. 17, 1980, Pub. L. No. 96-541,
94 Stat. 3204; Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, 96
Stat. 324; Tax Reform Act of 1986, Pub. L. No. 99-514, 100 Stat. 2085; and Small
Business Job Protection Act of 1996, Pub. L. No. 104-188, 110 Stat. 1755) (hereinafter
cited as "Section 530").

Tax Act ("FUTA"), 26 U.S.C. §§ 3301-3311.

Taxpayer Joseph M. Grey Public Accountant, P.C. ("JMG") received a Notice of Determination in February 2000 advising that the IRS had classified Mr. Grey as JMG's employee. JMG, a subchapter S corporation, operated as a public accounting, bookkeeping and tax return preparation business. Mr. Grey was JMG's president and sole shareholder. During the tax years at issue, Mr. Grey solicited the corporation's business, transacted its affairs, handled the financial aspects of the operation and "performed all accounting, bookkeeping and tax preparation services." JMG did not make any regular payments to Mr. Grey for the services he rendered during the tax years at issue. Instead, Mr. Grey received money from JMG's bank account as his needs arose. Those payments were reported on Mr. Grey's federal return as non-passive income.

Taxpayer Mike J. Graham Trucking, Inc. ("MJG") also received a Notice of Determination issued in February 2000. The classification pertained to Mr. Graham, MJG's majority shareholder and president. MJG was also a subchapter S corporation, operating as a trucking company. Mr. Graham solicited business for the company, handled its business transactions, managed its finances and performed the driving services rendered by the company. MJG did not provide Mr. Graham with a salary or wages during the tax years in dispute. Rather, Mr. Graham distributed money to himself from MJG's bank account as his needs arose, or he paid certain personal expenses which he or his family incurred from the business account. Mr. Graham reported the payments as

3

non-passive income on the K-1 Schedule of his federal return.

Water Pure Systems, Inc. received a Notice of Determination dated June 8, 2001, classifying Martin Ridge as Water Pure's employee for federal employment tax purposes. Water Pure, a subchapter S corporation, "provided sales and service of water filtration and purification systems." Mr. and Mrs. Ridge each owned 50% of Water Pure's shares and Mr. Ridge was Water Pure's president and sole officer. Mr. Ridge was the only person performing any services for Water Pure. Water Pure did not distribute any dividends to any shareholder during the tax years at issue. Nor did Mr. Ridge receive regular payments from Water Pure. Instead, he received money from the corporation as his needs arose and those payments were reported as non-passive income on his Schedule K-1 of his federal tax return.

Taxpayers JMG, Water Pure and MJG challenged both the worker classifications and the determination that they were not entitled to relief under Section 530. The Tax Court concluded that the classifications were appropriate and that relief was not available under Section 530's safe harbor provision. These appeals followed.[2]

Each of the taxpayers contend that the Tax Court erred because the taxpayer neither controlled nor employed the worker who was classified as an employee. Rather, they contend that the remuneration each worker received was attributable to his status as

---

[2]We exercise jurisdiction pursuant to 26 U.S.C. § 7482(a). We give "plenary review of the Tax Court's findings of law, including its construction and application of the Internal Revenue Code." *PNC Bancorp, Inc. v. Comm'r*, 212 F.3d 822, 827 (3d Cir. 2000).

an officer and shareholder of his respective corporation. They urge this Court to disregard the statutory definitions of "employee" in the Internal Revenue Code and in the Treasury regulations, and to apply the usual common law rules for determining whether an individual is an employee. Alternatively, the taxpayers argue that they had a reasonable basis for not treating each worker as an employee and are entitled to relief from the assessment of the FICA and FUTA taxes under Section 530.[3]

We have recently addressed and rejected in *Nu-Look Design, Inc. v. Commissioner*, 356 F.3d 290 (3d Cir. 2004), a similar challenge to the Tax Court's determination that the IRS's classification of a corporate officer and shareholder as an employee was appropriate and that the taxpayer was liable under the FICA and the FUTA. After careful review of each record, we are unable to distinguish any of these appeals from *Nu-Look Design.* Accordingly, *Nu-Look Design* controls and we will affirm the decisions of the Tax Court.

_____

[3]The taxpayers also argue that the IRS erred by classifying the workers as employees because it failed to consider 26 U.S.C. § 3121(d)(3). This argument was not raised before the Tax Court and we will not consider it for the first time on appeal. *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).