T.C. Memo. 2011-252


UNITED STATES TAX COURT


D & R FINANCIAL SERVICES INCORPORATED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22217-09.                    Filed October 31, 2011.


Ramces G. DuFresne (an officer), for petitioner.

<u>Donna Mayfield Palmer</u> and <u>Shelley T. Van Doran</u>, for

respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  On June 12, 2009, respondent ("the IRS")

mailed petitioner ("D&R") a notice of determination concerning

worker classification for tax years 2005, 2006, and 2007.  The

notice listed D&R workers that the IRS determined were employees

rather than independent contractors, as D&R had treated them for

employment-tax[1] purposes.  Because the IRS determined these workers were employees, it determined (i) that D&R had employment-tax deficiencies of $73,993.21 for 2005, $87,654.29 for 2006, and $86,633.76 for 2007 and (ii) that D&R was liable for additions to tax and penalties of $19,889.88 for 2005, $23,649.57 for 2006, and $23,170.04 for 2007.

D&R timely filed a petition under section 7436(a) disputing the IRS's determinations.[2]  On December 7, 2010, trial was held in Miami, Florida.  D&R called no witnesses and presented no evidence beyond the stipulation.  D&R did not file a brief.

FINDINGS OF FACT

The parties stipulated some facts; those facts are so found.

D&R is a Florida corporation, incorporated in 1998.  During the years at issue, its main office was in Miami, Florida.  One of D&R's main business activities was performing credit-repair services.  The credit-repair services it performed consisted of interviewing customers, reviewing customers' credit reports, and disputing inaccuracies in the customers' credit reports with the

---

[1]We use the phrase "employment tax" to refer to an employer's obligations (i) to withhold income tax from wages, (ii) to pay the Federal Unemployment Tax Act tax, (iii) to pay the employer's share of the Federal Insurance Contributions Act tax, and (iv) to withhold the employee's share of the Federal Insurance Contributions Act tax.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect for the years at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

credit-reporting agencies. D&R's other main business activities were selling credit-repair kits and selling credit-repair distributorships.

D&R had four groups of workers: corporate officers, advertising workers, office workers, and direct sellers. The IRS contends that the first three groups of workers were employees; D&R contends that they were independent contractors. The IRS does not dispute D&R's treatment of the fourth group (the direct sellers) as independent contractors, so their classification is not at issue.

The first group of workers consisted of D&R's corporate officers, Nadja Roberts and Ramces DuFresne. Roberts was D&R's vice president and treasurer. DuFresne was D&R's president and general manager. He managed day-to-day operations and worked 60 to 65 hours each week. He interviewed job applicants, decided which applicants to hire, and trained new workers. He also performed the more difficult credit-repair services.

The second group of workers, the advertising workers, distributed flyers advertising D&R's business.

The third group of workers, the office workers, worked in D&R's Miami office. These workers performed the credit-repair services discussed above; they also did clerical and data-entry work. D&R set their schedules; paid them an hourly rate; and

provided the equipment, supplies, and facilities for their work. DuFresne supervised them and gave them regular evaluations.

D&R did not file a Form 941, Employer's Quarterly Federal Tax Return, for any quarter during 2005, 2006, or 2007. Nor did it file a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for 2005, 2006, or 2007. The IRS prepared substitutes for those returns on March 2, 2009.

On June 12, 2009, the IRS mailed D&R a notice of determination concerning worker classification. The IRS determined that for employment-tax purposes 22 workers in 2005, 29 workers in 2006, and 18 workers in 2007 were employees, not independent contractors. These individuals made up the three groups of workers described above: the two corporate officers, DuFresne and Roberts; the advertising workers; and the office workers. The IRS also determined that D&R was not entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885, as amended, regarding those workers.[3]

As a result of determining that the workers whose classifications are at issue were employees, the IRS determined that D&R had deficiencies (i) in income-tax withholding, (ii) in Federal Unemployment Tax Act taxes, (iii) in Federal Insurance Contributions Act taxes, and (iv) in Federal Insurance

---

[3]If the requirements of the Revenue Act of 1978 are met, workers are deemed not to be common-law employees for employment-tax purposes. See infra pt. I.C.

Contributions Act withholding.[4]  The IRS determined the following

deficiencies in income-tax withholding:

| Year | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 | Total |
|------|-----------|-----------|-----------|-----------|-------|
| 2005 | $10,538.38 | $15,489.01 | $10,831.06 | $12,263.96 | $49,122.41 |
| 2006 | 11,561.40 | 15,407.14 | 18,897.76 | 11,333.86 | 57,200.16[1] |
| 2007 | 20,789.25 | 9,484.01 | 17,402.34 | 11,474.46 | 59,150.06 |

   [1]Although this amount is listed in the notice of
determination as $57,200.15, this appears to be an arithmetic
error.

The IRS determined the following deficiencies in Federal

Unemployment Tax Act taxes:  $2,960.20 for 2005, $4,266.02 for

2006, and $2,747.89 for 2007.  And the IRS determined the

following deficiencies in Federal Insurance Contributions Act

taxes and withholding:

| Year | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 | Total |
|------|-----------|-----------|-----------|-----------|-------|
| 2005 | $6,449.48 | $9,479.28 | $3,166.75 | $2,815.09 | $21,910.60 |
| 2006 | 7,075.58 | 9,429.17 | 6,777.23 | 2,906.14 | 26,188.12 |
| 2007 | 12,723.02 | 5,804.22 | 3,562.43 | 2,646.14 | 24,735.81 |

   The IRS also determined that D&R was liable for additions to

tax and penalties.  The IRS determined that D&R was liable for

the following additions to tax under section 6651(a)(1):

---

   [4]Sec. 3402 requires employers to withhold income tax from
employee wages.  The Federal Insurance Contributions Act
(i) taxes employers a percentage of wages paid, sec. 3111;
(ii) taxes employees a percentage of wages received, sec. 3101;
and (iii) requires employers to withhold the tax on employees
from employee wages, sec. 3102(a).  The Federal Unemployment Tax
Act taxes employers a percentage of the wages paid.  Sec. 3301.

| Year | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 | Total |
|------|-----------|-----------|-----------|-----------|-------|
| 2005 | $3,822.27 | $5,617.86 | $3,149.51 | $4,058.84 | $16,648.48 |
| 2006 | 4,193.32 | 5,588.17 | 5,776.87 | 4,163.85 | 19,722.21 |
| 2007 | 7,540.26 | 3,439.85 | 4,717.07 | 3,795.42 | 19,492.60 |

The IRS determined that D&R was liable for the following additions to tax under section 6651(a)(2):

| Year | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 | Total |
|------|-----------|-----------|-----------|-----------|-------|
| 2005 | $424.70 | $624.21 | $349.95 | $450.99 | $1,849.85 |
| 2006 | 465.92 | 620.91 | 641.87 | 462.65 | 2,191.35 |
| 2007 | 837.81 | 382.21 | 524.12 | 421.72 | 2,165.86 |

And the IRS determined that D&R was liable for the following penalties under section 6656:

| Year | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 | Total |
|------|-----------|-----------|-----------|-----------|-------|
| 2005 | $322.47 | $473.96 | $158.34 | $436.78 | $1,391.55 |
| 2006 | 353.78 | 471.46 | 338.86 | 571.91 | 1,736.01 |
| 2007 | 636.15 | 290.21 | 178.12 | 407.10 | 1,511.58 |

D&R timely petitioned the Court under section 7436(a) disputing these determinations.

OPINION

We have jurisdiction under section 7436(a) to decide whether the IRS's determinations of worker classification are correct and to decide the proper amount of employment tax[5] resulting from those determinations. That jurisdiction extends to deciding whether taxpayers are liable for related additions to tax and penalties. Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263,

_____

[5]See supra note 1.

267-268 (2001); <u>Charlotte's Office Boutique, Inc. v.</u>
<u>Commissioner</u>, T.C. Memo. 2004-43, affd. 425 F.3d 1203 (9th Cir.
2005).

## I.  Deficiencies in Tax

The IRS determined that D&R had deficiencies in income-tax
withholding, Federal Unemployment Tax Act taxes, Federal
Insurance Contributions Act taxes, and Federal Insurance
Contributions Act withholding.  D&R's liability depends on
whether its workers were employees or whether it had a reasonable
basis for treating its workers as employees.[6]

### A.  D&R Has the Burdens of Production and Persuasion.

D&R has the burden of production.  In exercising our
jurisdiction under section 6214 to redetermine deficiencies in
income tax, we generally presume that the IRS's determinations
are correct.[7]  <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  We
give the same presumption of correctness to the IRS's
determinations of worker classification when exercising our

---

[6]See <u>supra</u> notes 3 and 4.

[7]An exception to this rule applies in unreported income
cases.  See, e.g., <u>Gatlin v. Commissioner</u>, 754 F.2d 921, 923
(11th Cir. 1985) (citing <u>Weimerskirch v. Commissioner</u>, 596 F.2d
358 (9th Cir. 1979), revg. 67 T.C. 672 (1977)); see also sec.
6201(d).  The rationale of the exception is "that a taxpayer
should not bear the burden of proving a negative (no unreported
income) if the Commissioner can present no substantive evidence
to support his deficiency claim."  <u>Gatlin v. Commissioner</u>, <u>supra</u>
at 923 (citing <u>Cohen v. Commissioner</u>, 266 F.2d 5, 12 (9th Cir.
1959)), affg. T.C. Memo. 1982-489.  Neither the exception nor its
rationale is applicable here.

jurisdiction under section 7436(a).  See, e.g., <u>Beatty v. Halpin</u>, 267 F.2d 561, 564 (8th Cir. 1959) (worker classification case); <u>Orion Contracting Trust v. Commissioner</u>, T.C. Memo. 2006-211 (worker classification case).  We do not require the IRS to describe the factual predicates of its determinations in order to benefit from the presumption.  <u>Ocmulgee Fields, Inc. v. Commissioner</u>, 132 T.C. 105, 113 (2009) (income-tax deficiency case), affd. 613 F.3d 1360 (11th Cir. 2010).  The effect of the presumption is to give the taxpayer the burden of going forward with evidence that the IRS's determinations are wrong.  Fed. R. Evid. 301 ("a presumption imposes on the party against whom it is directed the burden of going forward with evidence to rebut or meet the presumption"); <u>Rockwell v. Commissioner</u>, 512 F.2d 882, 885 (9th Cir. 1975) (income-tax deficiency case), affg. T.C. Memo. 1972-133; <u>Jackson v. Commissioner</u>, 73 T.C. 394, 400 (1979) (citing <u>Barnes v. Commissioner</u>, 408 F.2d 65 (7th Cir. 1969) (income-tax deficiency case), affg. T.C. Memo. 1967-250).

D&R also has the burden of persuasion.  Rule 142(a) states that taxpayers generally bear the burden of proof.[8]  The burden

---

[8]There are exceptions to this rule.  For example, the IRS bears the burden of proof for (i) new matters, (ii) increases in deficiency, and (iii) affirmative defenses pleaded in the answer. Rule 142(a).  But none of these issues are involved here.  And although sec. 7491(a) can shift the burden to the IRS in cases involving liability for taxes imposed by subtit. A or B, subtit. C imposes the employment taxes at issue, so sec. 7491(a) cannot shift the burden here.  See, e.g., <u>Joseph M. Grey Pub.</u>

(continued...)

to which Rule 142(a) refers is the burden of persuasion.  <u>Estate of Gilford v. Commissioner</u>, 88 T.C. 38, 51 (1987).  To satisfy that burden for a particular fact, the taxpayer must prove that fact by a preponderance of the evidence.  <u>Id.</u>  In other words, the taxpayer must show that, on the basis of the evidence, the fact is more probable than not.  <u>Merkel v. Commissioner</u>, 109 T.C. 463, 476 (1997) (citing 2 McCormick on Evidence, sec. 339, at 439 (4th ed. 1992)), affd. 192 F.3d 844 (9th Cir. 1999).

B.    <u>The Workers Whose Classifications Are at Issue Were Employees</u>.

Whether an employment relationship exists is a factual question.  <u>Weber v. Commissioner</u>, 103 T.C. 378, 386 (1994), affd. per curiam 60 F.3d 1104 (4th Cir. 1995).  For the employment taxes at issue, the term "employee" includes (i) common-law employees and (ii) so-called statutory employees,[9] a category including corporate officers that perform substantial services for compensation.  See sec. 3121(d) (defining "employee" for Federal Insurance Contributions Act purposes); sec. 3306(i) (defining "employee" for Federal Unemployment Tax Act purposes by

_____

[8](...continued)
<u>Accountant, P.C. v. Commissioner</u>, 119 T.C. 121, 123 n.2 (2002), affd. 93 Fed. Appx. 473 (3d Cir. 2004).

[9]Corporate officers that perform substantial services for compensation--along with workers described by sec. 3121(d)(3) and (d)(4)--are referred to as statutory employees.  See, e.g., <u>Joseph M. Grey Pub. Accountant, P.C. v. Commissioner</u>, 119 T.C. 121, 126 (2002), affd. 93 Fed. Appx. 473 (3d Cir. 2004).

reference to section 3121(d) except for section 3121(d)(4) and (d)(3)(B) and (C)); sec. 3401(c) (including officers of a corporation in the definition of "employee" for income-tax withholding); sec. 31.3121(d)-1(b), Employment Tax Regs.; see also Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 269; Donald G. Cave a Profl. Law Corp. v. Commissioner, T.C. Memo. 2011-48.  The IRS asserts that DuFresne and Roberts were statutory employees because they were officers of D&R.  The IRS asserts that the remaining workers at issue were common-law employees.

The factors courts consider in determining whether the relationship between a worker and a principal is a common-law employment relationship include the following:  (i) whether the relationship was permanent; (ii) whether the worker had an opportunity for profit or loss; (iii) whether the principal had the right to discharge the worker; (iv) whether the principal invested in the facilities the worker used; (v) whether the work was part of the principal's regular business; (vi) whether the principal could exercise control over the details of the work; and (vii) whether the worker and the principal believed that they were creating an employment relationship.  See, e.g., Weber v. Commissioner, supra at 387.  No one factor is determinative; we look at all relevant facts.  Id.

Nothing in the record indicates that the workers whose classifications are at issue were not employees. D&R has not shown that any of the factors suggest that any of those workers were not employees. Despite not having the burden of production, the IRS offered evidence that the workers were indeed employees. For example, the IRS introduced evidence suggesting that D&R provided the facilities that the workers used; that the workers had no opportunity for profit or loss; that the credit-repair services performed by the office workers were part of D&R's regular business; and that D&R, through DuFresne, exercised control over the details of the work performed by the office workers. Moreover, regarding DuFresne, the parties stipulated that he was an officer of D&R and that he worked 60 to 65 hours each week.

Because D&R has met neither the burden of production nor the burden of persuasion, we conclude that the workers whose classifications are at issue were employees.

C. <u>Section 530 of the Revenue Act of 1978 Does Not Relieve D&R From Liability</u>.

Regardless of the actual relationship between a worker and a principal, if the principal had a reasonable basis for not treating the worker as an employee and if the principal meets its other requirements, section 530 of the Revenue Act of 1978 deems the worker not to be a common-law employee of the principal. The principal bears the burden of proving that it is entitled to

relief.  <u>Boles Trucking, Inc. v. United States</u>, 77 F.3d 236, 239-241 (8th Cir. 1996).

In its petition, D&R asserted that it "had a reasonable basis for not treating the workers as employees" and that it was entitled to relief under section 530 of the Revenue Act of 1978. At trial,[10] D&R neither identified that basis nor explained why it was reasonable.  No evidence addressed these matters.  Thus D&R failed to carry its burden.

D.  <u>Neither Section 3402 nor Section 3509 Reduces D&R's Liability for Employment Taxes</u>.

In its petition, D&R asserted (i) that it "is entitled to relief under IRC Section 3402" and (ii) that it "is entitled to relief under IRC Section 3509 in that it has met all requirements under that Section."

Section 3402 does not reduce D&R's deficiencies.  Section 3402(d) relieves employers of liability for income-tax withholding when employees pay the tax directly.  D&R offered no evidence that the employees paid the taxes directly.

Section 3509 does not reduce D&R's deficiencies.  If an employer meets its requirements, section 3509 reduces an employer's liability for income-tax withholding and for the employee's share of Federal Insurance Contributions Act taxes.

---

[10]D&R did not file a brief; it did, however, make a closing statement at trial.  D&R did not address section 530 of the Revenue Act of 1978 in its closing statement.

Section 3509 will not reduce an employer's liability, however, if the liability was due to "intentional disregard of the requirement to deduct and withhold" employment taxes.  Sec. 3509(c).  D&R neither offered argument about section 3509 nor offered any evidence that its liabilities were not due to "intentional disregard of the requirement to deduct and withhold" employment taxes.

We therefore conclude that the IRS's determinations of D&R's deficiencies in tax, which did not apply any reductions under section 3402 or section 3509, are correct.

## II.  Additions to Tax and Penalties

The IRS has the burden of producing evidence that taxpayers are liable for penalties and additions to tax.  Sec. 7491(c). The IRS satisfies its burden by producing "sufficient evidence indicating that it is appropriate to impose the relevant penalty."  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Once the IRS satisfies its burden, taxpayers have the burden of persuading the fact finder that they are not liable for the penalty.  Id. at 446-447.  Furthermore, taxpayers bear the burdens of production and persuasion on whether an exception relieves them from liability.  See id. at 446 (stating that the IRS "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions").

A.    D&R Is Liable for Additions to Tax Under Section 6651(a)(1).

When a taxpayer fails to timely file certain returns, including Forms 940 and 941,[11] section 6651(a)(1) imposes an addition to tax.  For each month the return is late, the addition is 5 percent of the tax due,[12] up to 25 percent.  Sec. 6651(a)(1).  Substitute returns filed by the IRS under section 6020(b) do not qualify as returns for section 6651(a)(1) purposes.  Sec. 6651(g)(1).  Thus the filing of a substitute return does not stop the accrual of additional amounts.

A taxpayer is not liable for an addition under section 6651(a)(1) if the failure to timely file was due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1).  To show reasonable cause, the taxpayer must show that it could not file the return on time even though it exercised ordinary business care and prudence.  See Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. "Willful

---

[11]Sec. 6651(a)(1) imposes an addition to tax for failing to file returns required to be filed under authority of ch. 61, subch. A, pts. I and II.  Sec. 6651(a)(1).  The regulations under sec. 6011 require employers to file Form 940 and Form 941.  See sec. 31.6011(a)-3(a), Employment Tax Regs. (requiring Form 940); sec. 31.6011(a)-1(a)(1), Employment Tax Regs. (requiring Form 941).  Sec. 6011 is part of subch. A, pt. II.

[12]For sec. 6651(a)(1), the tax due is "the amount of tax required to be shown on the return * * * reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return".  Sec. 6651(b)(1); see also sec. 301.6651-1(d), Proced. & Admin. Regs.

neglect" means a "conscious, intentional failure or reckless indifference." <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

D&R is liable for additions to tax under section 6651(a)(1). The IRS met its burden by showing that D&R failed to file Forms 940 and 941 for the periods at issue. See <u>Ramirez v. Commissioner</u>, T.C. Memo. 2007-346 (finding that the IRS met its burden where the employer failed to file returns). D&R did not show that it had reasonable cause for failing to file.

B.  <u>D&R Is Liable for Additions to Tax Under Section 6651(a)(2)</u>.

When a taxpayer fails to pay the amount shown on certain returns, including Forms 940 and 941,[13] section 6651(a)(2) imposes an addition to tax. Substitute returns filed by the IRS under section 6020(b) are treated as returns for section 6651(a)(2) purposes. Sec. 6651(g)(2). Thus section 6651(a)(2) imposes an addition to tax for failing to pay the amount shown on a substitute return satisfying section 6020(b). The addition is one-half percent of the tax shown on the return for each month (or fraction of a month) the taxpayer fails to pay, up to 25 percent. Sec. 6651(a)(2). The taxpayer is not liable for an addition to tax under section 6651(a)(2) if the late payment was

_____

[13]Sec. 6651(a)(2) imposes an addition to tax for failing to pay the amounts shown on the types of returns for which there is a failure-to-file addition to tax under sec. 6651(a)(1). Sec. 6651(a)(1) imposes an addition to tax for failing to file Forms 940 and 941. See <u>supra</u> note 11 and accompanying text.

due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(2).

D&R is liable for additions to tax under section 6651(a)(2). Where the taxpayer did not file a return, the IRS can satisfy its burden of production with evidence that the IRS filed a substitute return and that the taxpayer failed to pay the tax. Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), affd. 521 F.3d 1289 (10th Cir. 2008).  Under section 6020(b), a substitute return is a set of documents signed by an authorized IRS employee that (i) purports to be a return, (ii) identifies the taxpayer by name, (iii) gives the taxpayer's taxpayer identification number, and (iv) has enough information to compute the taxpayer's tax liability.  Sec. 301.6020-1(b)(2), Proced. & Admin. Regs.  The IRS produced documents meeting these requirements for each return at issue (i.e., Forms 941 for each quarter and Forms 940 for each year).  The parties do not dispute that D&R failed to pay the tax shown on the substitute returns.  Thus the IRS has met its burden of production.  D&R did not show that it had reasonable cause for failing to pay.

C.    D&R Is Liable for Penalties Under Section 6656.

If a taxpayer is more than 15 days late in depositing employment tax, section 6656 imposes a 10-percent penalty.  Sec. 6656; see also Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 268; Ramirez v. Commissioner, supra.  The taxpayer is not liable

for the section 6656 penalty if the late deposit was due to reasonable cause and not due to willful neglect.  Sec. 6656(a).

D&R is liable for penalties under section 6656.  The IRS met its burden by showing that D&R deposited no employment taxes for the years at issue.  See Ramirez v. Commissioner, supra (finding that the IRS met its burden by showing that the employer made no deposits).  D&R did not show that it had reasonable cause for failing to deposit employment taxes.

To reflect the foregoing,

Decision will be entered
for respondent.