T.C. Memo. 2018-85

UNITED STATES TAX COURT

JESSE M. LOUGHMAN AND DESA C. LOUGHMAN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21464-15.                        Filed June 18, 2018.

Rachel K. Gillette and Kirstin M. Jahn, for petitioners.

Luke D. Ortner, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a
notice of deficiency dated May 27, 2015.  Respondent determined deficiencies in
petitioners' Federal income tax and penalties as follows:

[*2]

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|---------------------|
| 2010 | $20,922 | $4,184 |
| 2011 | 55,825 | 11,165 |
| 2012 | 72,110 | 14,422 |

After concessions the remaining issues for our consideration are (1) whether deductions for wages not attributable to costs of goods sold (COGS) paid to petitioners by Palisades Health Care IN (Palisades) for tax years 2010-12 (years in issue) should be disallowed pursuant to section 280E and (2) whether petitioners are entitled to relief under the Revenue Act of 1978, Pub. L. No. 95-600, sec. 530, 92 Stat. at 2885, as amended (section 530). The amounts in issue are as follows:

| Year | Disallowed deduction |
|------|---------------------|
| 2010 | $28,945 |
| 2011 | 23,274 |
| 2012 | 43,307 |

Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the tax years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[*3]                              Background

This case was fully stipulated pursuant to Rule 122.  The stipulation of facts and the attached exhibits are incorporated in our findings by this reference. Petitioners resided in Colorado when they timely filed their petition.

Palisades' Business Activity

Palisades, also known as Colorado Alternative Health Care LTD, is an S corporation organized under the laws of Colorado.  Petitioners were the sole owners of Palisades and also served as its officers during the years in issue. Colorado licensed Palisades to grow and sell medical marijuana.

Tax Reporting

For the years in issue Palisades elected to be treated as an S corporation for Federal income tax purposes and filed Forms 1120S, U.S. Income Tax Return for an S Corporation.  For the years in issue it reported ordinary business income of $16,188, $190,778, and $243,561, respectively.

Palisades claimed deductions from total income for ordinary and necessary business expenses (below-the-line deductions).  It claimed below-the-line deductions for items such as compensation of officers, wages, repairs and maintenance, rents, taxes and licenses, interest, depreciation, advertising,

[*4] employee benefit programs, and "other deductions", which it detailed on attached statements.

Petitioners filed joint income tax returns for the years in issue. They received compensation from Palisades, both as passthrough income and as officer compensation. Petitioners reported passthrough income from Palisades of $15,101, $190,778, and $227,219, respectively, on their Schedules E, Supplemental Income and Loss, Part II, Income or Loss From Partnerships and S Corporations, attached to their income tax returns for the years in issue.

Petitioners reported wages they received from Palisades of $46,458 and $173,228 for tax years 2011 and 2012, respectively, on their Forms 1040, U.S. Individual Income Tax Return. Petitioners did not report any wages from Palisades on their Form 1040 for 2010. They have conceded that some of the wages they received from Palisades for 2010 should have been reported. Petitioners included the wage payments they received from Palisades as a part of Palisades' expenses in its section 162 deductions.

Respondent's Determinations

Respondent examined Palisades' returns for the years in issue. Respondent made flowthrough adjustments to petitioners' taxable income as a result of the application of section 280E, along with other adjustments and corresponding

**[\*5]** computational adjustments. Respondent determined that Palisades' below-the-line deductions should be disallowed, but allowed Palisades' COGS to the extent substantiated. The parties agree that some of petitioners' wages are not COGS pursuant to section 471 and section 1.471-11, Income Tax Regs.

Discussion

I.    Burden of Proof

Generally, the taxpayer bears the burden of proving that the Commissioner's determinations set forth in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving his or her entitlement to deductions and of substantiating the amounts of items underlying claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Under section 7491(a) in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II.   Section 162

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to deductions. INDOPCO, Inc. v. Commissioner, 503 U.S.

**[\*6]** at 84. Section 162(a)(1) allows taxpayers to deduct "ordinary and necessary expenses", including a "reasonable allowance for salaries or other compensation for personal services actually rendered". Thus, compensation is deductible only if (1) reasonable in amount and (2) paid or incurred for services actually rendered. See sec. 1.162-7(a), Income Tax Regs. COGS is not a deduction within the meaning of section 162(a) but is subtracted from gross receipts in determining a taxpayer's gross income. See Max Sobel Wholesale Liquors v. Commissioner, 69 T.C. 477 (1977), aff'd, 630 F.2d 670 (9th Cir. 1980); sec. 1.162-1(a), Income Tax Regs.

The parties dispute whether Palisades may deduct the wages that it paid to petitioners to the extent that respondent disallowed the deductions. They agree that these disallowed wage deductions cannot be characterized as COGS and that in disallowing any of the wage deductions, petitioners' flowthrough income from Palisades increases.

III.   Section 280E

Section 261 provides that "no deduction shall in any case be allowed in respect of items specified in this part." "[I]tems specified in this part" refers to part IX of subchapter B of chapter 1, entitled "Items Not Deductible", and this includes section 280E, "Expenditures in Connection With the Illegal Sale of

**[\*7]** Drugs". See Californians Helping to Alleviate Med. Problems, Inc. v. Commissioner, 128 T.C. 173, 180 (2007).  Section 280E precludes taxpayers from deducting any expense related to a business that consists of trafficking in a controlled substance.  See Olive v. Commissioner, 139 T.C. 19, 29 (2012), aff'd, 792 F.3d 1146 (9th Cir. 2015).  Section 280E disallows deductions only for the expenses of a business and does not preclude petitioners from taking into account Palisades' COGS.  See Californians Helping to Alleviate Med. Problems, Inc. v. Commissioner, 128 T.C. at 178 n.4.

We have previously held that medical marijuana is a controlled substance. Id. at 180-181; see also Gonzalez v. Raich, 545 U.S. 1 (2005); United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483 (2001).  The dispensing of medical marijuana, while legal in Colorado, is illegal under Federal law.  See Olive v. Commissioner, 139 T.C. at 39; see also Colo. Const. art. XVIII, sec. 16. Congress in section 280E has set an illegality under Federal law as one trigger to preclude a taxpayer from deducting expenses incurred in a medical marijuana dispensary business.  Olive v. Commissioner, 139 T.C. at 39.  This is true even if the business is legal under State law.  Id.

Petitioners contend that the application of section 280E results in discriminatory treatment of S corporation owners of marijuana businesses in

[*8] violation of subchapter S. They argue that respondent's treatment of petitioners' wage income as an expense subject to section 280E causes the same income to be taxed twice, once as wages, and a second time as S corporation income. They contend that this results in the disallowed officer wages attributable to trafficking being included in Palisades' earnings, which flowthrough to petitioners without any deduction for the wages. Petitioners contend that this treatment is contrary to the purpose and legislative intent of subchapter S.

Petitioners contend that discriminatory treatment results from an S corporation's being required to pay a reasonable wage as a salary to its officers pursuant to sections 3111, 3121, 3301, and 3306, as other entities are not subject to this reasonable wage requirement. The Code sections which petitioners refer to apply to the administration of employment taxes. The parties are not disputing the reasonableness of the wages. Rather, petitioners are contending that this reasonable wage requirement results in double taxation.

Petitioners' argument of double taxation assumes that there is no distinction between gross income from wages and passthrough income from the ownership of an S corporation. The economic considerations for these two items of income differ, as do their tax treatments.

[*9]  Subchapter S was designed to create a passthrough taxation system under which income is subjected to only one level of taxation.  See Gitlitz v. Commissioner, 531 U.S. 206, 209 (2001).  Section 1366(a) provides that income, losses, deductions, and credits of an S corporation are passed through pro rata to its shareholders on their individual tax returns.  The character of each item of income is determined as if it were directly from the source from which the corporation realized it or incurred in the same manner as it was by the corporation.  Sec. 1366(b).  A shareholder's gross income includes his or her pro rata share of the S corporation's gross income.  Sec. 1366(c).  Thus Palisades' income passes through to petitioners, and they must report it on their individual tax returns.

Separately, and in addition to Palisades' passthrough income, petitioners must report the wage compensation they received as officers of Palisades as a part of their gross income on their individual returns.  Section 61(a) provides that gross income includes "all income from whatever source derived".  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  This includes compensation for services, such as wages, salaries, and bonuses.  See sec. 61(a)(1).  Accordingly, petitioners must include in their gross income not only their pro rata shares of Palisades' income, but also their wages separately received for providing services to Palisades.

[*10] Petitioners' contention that the application of section 280E results in disparate treatment is misplaced. An S corporation subject to section 280E remains a flowthrough entity with one tax imposed at the shareholder level, as prescribed by subchapter S. Gitlitz v. Commissioner, 531 U.S. at 209; see also Bufferd v. Commissioner, 506 U.S. 523, 525 (1993). This can be illustrated by example. If petitioners had hired a third party to perform the officer duties that they performed, and they paid that third party an amount equal to that included as wages in petitioners' gross income, petitioners' gross income would not include the third party's wages from Palisades. Petitioners would ultimately have less income, but they would not owe Federal income tax on the wages paid to the third party. However, section 280E would still disallow Palisades' wage expense deductions not attributable to COGS. Petitioners' flowthrough income would be the same. The application of section 280E to deny Palisades' wage expense deductions is not discriminatory; it applies equally, regardless of whether petitioners themselves or a third party receives the wages.

To the extent that petitioners believe they received disparate tax treatment as a result of organizing their marijuana business as an S corporation, petitioners were free to operate as any business entity and in other trades. Petitioners chose to operate Palisades as an S corporation in the marijuana business. Petitioners are

[*11] responsible for the tax consequences of their decision.  See Higgins v. Smith, 308 U.S. 473, 477 (1940).

## IV.    Section 530 Relief

Section 530 may afford a taxpayer relief from employment taxes even if the relationship between the taxpayer and the worker would otherwise require payment of those taxes.  Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 106 (2003), aff'd, 425 F.3d 1203 (9th Cir. 2005).  Section 530(a)(1) provides relief if the taxpayer satisfies the following requirements:  (1) the taxpayer has not treated the worker as an employee for any period; (2) the taxpayer has consistently treated the worker as not being an employee on all tax returns for periods after December 31, 1978; and (3) the taxpayer had a reasonable basis for not treating the worker as an employee.  Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 130 (2002), aff'd, 93 F. App'x 473 (3d Cir. 2004).

Petitioners contend that they are entitled to section 530 relief to exempt the trafficking-related officer wages from the reasonable wage requirement because they have a reasonable basis, which is to eliminate tax disparity.  Section 530 relief is limited to controversies regarding the employment tax status of service providers under the common law and does not apply with respect to statutory employees, such as corporate officers.  Joseph M. Grey Pub. Accountant, P.C. v.

**[*12]** <u>Commissioner</u>, 119 T.C. at 131-132.  Section 530(a)(1)(B) applies only when the taxpayer has not already classified the individuals in question as employees and the Government attempts to retroactively classify them as employees.  Further, the petition in this case was filed in response to a notice of deficiency and not in response to a notice of determination of worker classification.  <u>See</u> sec. 7436(a).  Section 530 is inapplicable to this case.

We have considered all of the arguments made by the parties, and to the extent we did not mention them above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.