T.C. Summary Opinion 2020-4

UNITED STATES TAX COURT

ATUL GAMBHIR AND RASHI GAMBHIR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30414-15S.                    Filed January 15, 2020.

Atul Gambhir, pro se.

Jason P. Oppenheim, for respondent.

SUMMARY OPINION

WELLS, Judge: This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

_____

[1]Unless otherwise indicated, subsequent section references are to the
Internal Revenue Code of 1986, as amended, in effect for 2012. Rule references
are to the Tax Court Rules of Practice and Procedure.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2012 Federal income tax of $6,260. The issue for decision is whether Rashi Gambhir (Dr. Gambhir) is entitled to certain deductions. If she is, we must also decide whether the deductions must be subtracted from her gross income in the computation of her adjusted gross income (and claimed on Schedule C, Profit or Loss From Business) or rather subtracted from petitioners' adjusted gross income in the computation of their taxable income (and claimed on Schedule A, Itemized Deductions).

## Background

Some of the facts have been stipulated and are so found. When the petition was timely filed, petitioners resided in the State of Georgia.

During 2012 Dr. Gambhir worked as a hospitalist for Northeast Georgia Medical Center (NGMC). She was paid on a per-shift basis rather than on a salary and provided services to the hospital under her own control and supervision. The hospital provided certain equipment; however, Dr. Gambhir would bring her own stethoscope and her cellphone, which was used for medical-related pages. Her daily uniform consisted of scrubs, a lab coat, and comfortable medical shoes used primarily in the hospital. Dr. Gambhir was not reimbursed for these job-related

expenses; however, it is unclear whether the lack of reimbursement was due to hospital policy or her failure to seek it. Every year since joining NGMC in 2009 or 2010 Dr. Gambhir received a Form W-2, Wage and Tax Statement, that reported her income as "Wages, tips, other compensation". NGMC did not check the box for statutory employee status on Dr. Gambhir's Form W-2 for tax year 2012.

Petitioners' basement is an 850-square-foot area designated as a home office and used solely for that purpose. It is furnished with a computer, a printer, a desk, shelves with books, and a cabinet stocked with office supplies. Dr. Gambhir used the home office to take calls related to meetings she attended; complete online seminars for her continuing medical education; and provide any necessary followup on patient care. During 2012 petitioners had one internet account used for both the home and the home office, and they paid cash to have the entire house cleaned monthly.

Petitioners' 2012 Federal income tax return was timely filed within their allowed extension. Petitioners reported Dr. Gambhir's income on the front page of the return and her deductions on a Schedule C. The Schedule C lists her principal business as "physician at night shift"; $7,715 of car and truck expenses;

and $6,255 of "Other expenses". Because her income is not reported on the Schedule C, the deductions of $13,970 equal the net loss reported.

The car and truck expenses were calculated on a mileage basis. Petitioners prepared a list showing three categories of mileage. The first category, totaling 13,253 miles, is Dr. Gambhir's use of a Toyota Prius to travel from her home office to the hospital. Petitioners did not provide a work schedule or calendar. Instead, they listed how many shifts Dr. Gambhir worked per month and multiplied that number by what petitioner husband testified was the round trip distance as calculated on Google maps. The second category, totaling 647 miles, is Dr. Gambhir's use of an Audi Q7 for travel related to (1) a three-day court case identified in the record as the "Copeland Suit", and, (2) four 86-mile round trips to attend a "Physician Networking Meeting" at an unspecified location for an unspecified organization. The final category is nonbusiness commuting mileage of 18,200 miles, for which petitioners did not claim any deduction.

Of the "Other expenses" reported, $1,676 relates to the use of Dr. Gambhir's home office. This amount comprises internet expenses of $576 and payments for cleaning of $1,100. There is, however, no entry on line 30 of the Schedule C, Expenses for business use of your home, and petitioners did not attach a Form 8829, Expenses for Business Use of Your Home, to their return. To

support these expenses, petitioners provided only a Comcast bill from 2016 showing a monthly charge of $138. They submitted no supporting documentation for the cleaning payments.

The balance of "Other expenses" reported includes cellphone expenses of $2,004; professional dues of $640; books and publications of $890; charges for the washing of uniforms of $920; and work shoes purchased for $125. Petitioner husband testified that only a portion of the cellphone's annual cost of $2,225 was reported because it was used roughly 60% of the time for business. The record shows $1,470 in payments made for, or to, the New England Journal of Medicine, the American College of Physicians, a "Physician Renewal Form", a Society of Hospital Medicine membership, and medical books purchased from Amazon. The record includes no receipts or proof of payment for the dry cleaning, lab coat, or Dansko medical shoes petitioner husband testified formed part of Dr. Gambhir's business attire.

In the notice of deficiency, respondent disallowed all the deductions claimed on the Schedule C.[2]

---

[2]Respondent made a third adjustment that need not be discussed because it is computational.

## Discussion

As has been noted in countless opinions, deductions are a matter of legislative grace and are allowable only as specifically provided by statute. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a trade or business as an employee. The taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[3] Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. at 84. Respondent contends that many of the expenses reported seem to be personal and not ordinary and reasonable business expenses.

We begin with petitioners' deducting Dr. Gambhir's home office and her travel therefrom to the hospital. Section 280A(c)(1) provides that a taxpayer may deduct expenses with respect to the portion of a dwelling unit which is exclusively used on a regular basis (A) as the principal place of business for any trade or business of the taxpayer; (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business; or (C) in the case of a separate structure which is not

---

[3]Petitioners do not claim and the record does not demonstrate that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

attached to the dwelling unit, in connection with the taxpayer's trade or business. See Flying Hawk v. Commissioner, T.C. Memo. 2015-139. If the taxpayer's residence serves as her "principal place of business", she also may deduct the cost of transportation between the residence and local job sites if the travel is in the nature of normal and deductible business travel. See Wis. Psych. Servs., Ltd. v. Commissioner, 76 T.C. 839, 849 (1981); Beale v. Commissioner, T.C. Memo. 2000-158. If not, then the transportation costs are personal, nondeductible commuting expenses. Wis. Psych. Servs., Ltd. v. Commissioner, 76 T.C. at 849.

Dr. Gambhir did not meet with patients at her home, nor is the basement home office a separate structure which is not attached to petitioners' dwelling unit. That leaves only the exception for its use exclusively and on a regular basis as the principal place of business for any trade or business. The term "principal place of business" includes a place of business which is used by the taxpayer for the administrative or management activities of any trade or business of the taxpayer if there is no other fixed location of the trade or business where the taxpayer conducts substantial administrative or management activities of the trade or

business. Sec. 280A(c)(1) (flush language). Additionally, in the case of an employee,[4] the exclusive use must be for the convenience of the employer. Id.

We conclude that petitioners' basement was not Dr. Gambhir's principal place of business within the meaning of section 280A(c)(1). The office was mainly used for continuing medical education and professional development. There is no evidence that Dr. Gambhir used the home office to complete her chart work or other substantial administrative activities. At most, Dr. Gambhir used the home office to discuss followup care via telephone, and there is no evidence that the location of such followup care was for the convenience of her employer. Accordingly, Dr. Gambhir's principal place of business was the hospital where she treated patients, not her home office.

We also sustain respondent's disallowance of the mileage expense deduction related to the Audi Q7. Petitioner husband testified that Dr. Gambhir incurred costs for mileage associated with a court case in 2012. We have neither a statement from Dr. Gambhir herself nor corroborating evidence proving her role in the trial, the location of the court case, nor its duration. See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 60 Fed. Reg. 46016 (Nov. 6, 1985).

---

[4]Petitioners assert that Dr. Gambhir is a statutory employee, not an independent contractor.

Evidence is similarly lacking for the networking event. We know neither the location nor the organization involved. Without these facts or evidence, petitioners do not meet the required burden of proof. See Flying Hawk v. Commissioner, T.C. Memo. 2015-139.

Similarly, petitioners failed to provide any corroborating evidence of Dr. Gambhir's clothing and shoes expense. Petitioners did provide support for Dr. Gambhir's cellphone expense, but the amount reported was excessive. Petitioner husband testified that Dr. Gambhir used the phone for business roughly 60% of the time, but they deducted 90% of its cost. It is troubling that we must rely on petitioner husband's testimony, not Dr. Gambhir's, regarding both the use percentage and the hospital's reimbursement policy. A trade or business expense deduction is not allowed to an employee to the extent he or she is entitled to reimbursement for the expenditure. See Lucas v. Commissioner, 79 T.C. 1, 7 (1982). Although petitioner husband testified that Dr. Gambhir was not reimbursed for her cellphone expense, we do not know whether this lack of reimbursement was due to hospital policy or her failure to ask. We find that petitioners do not meet the burden of proof required to support the claimed cellphone expense deduction.

Petitioner husband did, however, provide evidence at trial that during 2012 Dr. Gambhir spent $1,470 on books, publications, and professional dues related to her practice of medicine. For tax year 2012, an individual may deduct expenses paid in the performance of services as an employee as miscellaneous itemized deductions on Schedule A to the extent the expenses exceed 2% of the taxpayer's adjusted gross income. Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a). Alternatively, an individual who performs services as an independent contractor is entitled to deduct expenses paid in the performance of services on Schedule C and is not subject to the limitations imposed on miscellaneous itemized deductions. Sec. 62(a)(1). Finally, a statutory employee under section 3121(d)(1), (3), or (4) is an employee for employment tax purposes only and may still be eligible to deduct business expenses on Schedule C and avoid the Schedule A limitations. See Rosemann v. Commissioner, T.C. Memo. 2009-185; Rev. Rul. 90-93, 1990-2 C.B. 33.

Petitioners contend that in 2012 Dr. Gambhir was a statutory employee and that she is entitled to deduct business expenses on Schedule C for that tax year. In petitioner husband's words, during 2012 Dr. Gambhir was a contractor being paid as a Form W-2 employee. Respondent contends that Dr. Gambhir was a common law employee in 2012 and that unreimbursed employee expenses are thus properly reportable on Schedule A, subject to the 2% of adjusted gross income limitation.

A taxpayer who is a common law employee for Federal income tax purposes is also an employee for employment tax purposes. Sec. 3121(d)(2). Statutory employees are those individuals who are considered employees regardless of common law rules pursuant to section 3121(d)(1), (3), or (4). Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 126 (2002), aff'd, 93 F. App'x 473 (3d Cir. 2004); Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 269 (2001). Dr. Gambhir is not a statutory employee.

Dr. Gambhir is not a statutory employee pursuant to section 3121(d)(1) because she is not the officer of a corporation. She is not a statutory employee pursuant to section 3121(d)(3) because she is not an agent-driver or commission-driver engaged in distributing certain products; a full-time life insurance salesman; a home worker; or a traveling or city salesman. Finally, she is not a statutory employee under section 3121(d)(4) because there is no evidence she performs services included under an agreement entered into pursuant to section 218 of the Social Security Act. Dr. Gambhir is either a common law employee, making her an employee for both income tax and employment tax purposes, see sec. 3121(d)(2), or she is an independent contractor for both income tax and self-employment tax purposes, see secs. 1401(a), 1402(a).

We apply common law rules to determine whether a taxpayer is an employee. Nationwide Mut. Ins. Co. v. Darden, 503 U.S. 318, 323-325 (1992); Weber v. Commissioner, 103 T.C. 378, 386 (1994), aff'd, 60 F.3d 1104 (4th Cir. 1995). Whether an individual is an employee must be determined on the basis of the specific facts and circumstances involved. Prof'l & Exec. Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), aff'd, 862 F.2d 751 (9th Cir. 1988); Simpson v. Commissioner, 64 T.C. 974, 984 (1975). Although not the exclusive inquiry, the degree of control exercised by the principal over the worker is the crucial test in determining the nature of a working relationship. See Clackamas Gastroenterology Assocs., P.C. v. Wells, 538 U.S. 440, 448 (2003); Leavell v. Commissioner, 104 T.C. 140, 149-150 (1995). To retain the requisite degree of control over a worker, the principal need not direct the worker's every move; it is sufficient if the right to do so exists. Weber v. Commissioner, 103 T.C. at 387-388; see sec. 31.3401(c)-1(b), Employment Tax Regs.

To support the contention that Dr. Gambhir was in truth a contractor, petitioner husband testified that she provided patient care under her own control and solely under her own supervision. Considering that the instant inquiry concerns Dr. Gambhir's practice and control, petitioner husband's testimony is insufficient to meet the burden of proof. This is especially the case when there is

no corroborating evidence, and the threshold level of control necessary to find employee status is generally lower when applied to professional services such as medicine. See Weber v. Commissioner, 103 T.C. at 388. Petitioners provided no contract related to Dr. Gambhir's work, and the Form W-2 submitted does not identify her as a statutory employee. Petitioners have not established that Dr. Gambhir practiced medicine under circumstances other than as an employee or in a manner that required the income and deductions attributable to her medical practice to be shown on a Schedule C. Therefore her business expense deductions must be claimed on the Schedule A and are subject to the 2% limitation.

In conclusion, petitioners' allowable deductions are limited to $1,470. This amount must be claimed, as respondent contends, on Schedule A as an itemized deduction to be subtracted from petitioners' adjusted gross income in arriving at their taxable income. See sec. 63(d)(1).

To reflect the foregoing,

Decision will be entered under

Rule 155.