T.C. Memo. 2012-62

UNITED STATES TAX COURT

JOHN KELLER, ACTION AUTO BODY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28991-09.                    Filed March 8, 2012.

R determined that 10 of P's workers were employees rather than independent contractors, and determined employment taxes and penalties against P.

<u>Held</u>: Seven of 10 workers listed in the notice of determination of worker classification were independent contractors, and 3 were employees.

<u>Held</u>, <u>further</u>, P is liable for an I.R.C. sec. 6651(a)(1) addition to tax and an I.R.C. sec. 6656(a) penalty with respect to the three employees.

John Keller, pro se.

Michael K. Park, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


WHERRY, Judge:  This case is before the Court on a petition for review of a notice of determination of worker classification for petitioner's 1998 tax year which also determined that petitioner was liable for a $97,421.38 deficiency and $26,365 in penalties and additions to tax.  The issues for decision are:

(1)  whether the workers listed in the notice of determination should be legally classified as petitioner's employees for Federal employment tax purposes;

(2) whether petitioner is entitled to relief under the Revenue Act of 1978, Pub. L. No. 95-600, sec. 530, 92 Stat. at 2885, as amended (section 530), which in certain circumstances deems an individual not to be an employee;[1]

(3) whether petitioner is liable for the employment taxes in the notice of determination;

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the taxable year at issue.  The Rule references are to the Tax Court Rules of Practice and Procedure.

(4) whether petitioner is liable for a section 6651(a)(1) addition to tax for failing to file Forms 941, Employer's Quarterly Federal Tax Return, and a Form 940, Employer's Annual Federal Unemployment Tax Return;

(5) whether petitioner is liable for a section 6656 penalty for failing to make timely deposits of employment taxes.

## FINDINGS OF FACT

Some of the facts have been deemed stipulated pursuant to Rule 91(f) from respondent's request for admissions when petitioner did not respond to a motion to show cause and the stipulated facts are so found.  The stipulated facts, with accompanying exhibits, are incorporated in our findings by this reference.[2]  At the time the petition was filed, petitioner resided in California.

Petitioner was a 50% partner in Action Auto Body (AAB), which operated a paint and auto body shop.  Petitioner's uncle, David Keller, was the other 50% partner.  Petitioner managed the daily operations of the business.  AAB had a contract with Mercury Insurance to make estimates for repairs and then would often repair those vehicles.  AAB also took in business outside of Mercury.

---

[2]At trial petitioner objected to many of the paragraphs in the stipulation of facts and sought relief from the admissions, arguing that he did not respond in time because "I've been medicated for neuropathy and I can't think, I can't read, I can't do driving [sic]."  The Court denied petitioner's motion for relief from stipulations.

On September 3, 2009, respondent sent petitioner a notice of determination of worker classification for the 1998 tax year, determining that the following individuals for the quarters listed were to be legally classified as his employees:

| Individual | 1st Quarter | 2d Quarter | 3d Quarter | 4th Quarter |
|---|---|---|---|---|
| Kevin Walker | x | x | x | x |
| Tony Red | x | x | x | x |
| Alex Martinez | x | x | x | x |
| Javier Mendoza | x | x | x | x |
| Tom Thompson | x | x | | |
| Kurt Hirsh | x | x | x | x |
| Walter Black | x | | | |
| Eric Mark | x | x | x | x |
| Lorna Dinger | | | | x |
| Nicole Gonzalez/ Sandoval | | | | x |

For three years before opening AAB, petitioner and Tony Red worked together repairing cars as independent contractors. Mr. Red was a mechanic and also restored cars. Kevin Walker, Javier Mendoza, and Walter Black worked as auto body repair technicians for AAB. Alex Martinez worked as a detailer for AAB. Tom Thompson and Kurt Hirsch worked as auto body painters for AAB. Each of these seven auto body workers had his own space on AAB's premises to

perform his work but did not pay any rent. Petitioner paid all of AAB's auto workers weekly by check; the amount varied depending on commissions and the type of work they performed.

Eric Mark started out by cleaning the shop and assisting other workers at AAB and moved up to writing estimates for repairs. Mr. Mark received on-the-job training from petitioner and the other technicians at AAB. Petitioner also paid Mr. Mark weekly by check.

Lorna Dinger and Nicole Gonzalez performed secretarial duties for AAB such as serving as a receptionist, answering the phones, and filing. Petitioner paid them weekly by check.

Petitioner did not withhold any payroll tax from the amounts paid to any of the workers at AAB and did not issue Forms W-2, Wage and Tax Statement, or Forms 1099-MISC, Miscellaneous Income. AAB did not issue any employee manuals, and no employment contracts were ever signed between the workers of AAB and AAB.

OPINION

I.    Burden of Proof

As a general rule, the Commissioner's determination of a taxpayer's liability is presumed correct, and the taxpayer bears the burden of proving that the

- 6 -

determination is improper.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 268 (2001)  (citing Boles Trucking Inc. v. United States, 77 F.3d 236, 239-240 (8th Cir. 1996) (this principle applies to determinations that a taxpayer's workers are employees)). However, pursuant to section 7491(a), the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the "taxpayer introduces credible evidence with respect to * * * such issue ." The burden will shift only if the taxpayer has, inter alia, complied with substantiation requirements pursuant to the Code and "cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews".  Sec. 7491(a)(2)(B).  Petitioner failed to cooperate, and the burden of proof remains on him.

II.    The Workers' Legal Classification

Whether an individual is an independent contractor or an employee is a question of fact.  Weber v. Commissioner, 103 T.C. 378, 386 (1994), aff'd, 60 F.3d 1104 (4th Cir. 1995); Prof'l & Exec. Leasing, Inc. v. Commissioner, 89 T.C. 225, 232 (1987), aff'd, 862 F.2d 751 (9th Cir. 1988).  Common law rules are applied to determine whether an individual is an employee or an independent contractor.  Secs.

3121(d)(2), 3306(i); <u>Nationwide Mut. Ins. Co. v. Darden</u>, 503 U.S. 318, 322-323 (1992).

In determining whether a worker is a common law employee or an independent contractor, the Court, inter alia, generally considers: "(1) The degree of control exercised by the principal; (2) which party invests in work facilities used by the individual; (3) the opportunity of the individual for profit or loss; (4) whether the principal can discharge the individual; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believed they were creating." <u>See</u> <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. at 270; secs. 31.3121(d)-1(c)(2), 31.3401(c)-1(b), Employment Tax Regs. . This list of factors is not exclusive, and other factors may also be considered such as the provision of employee benefits. <u>Weber v. Commissioner</u>, 103 T.C. at 387, 393-394; <u>Prof'l & Exec. Leasing, Inc. v. Commissioner</u>, 89 T.C. at 232 (citing <u>United States v. Silk</u>, 331 U.S. 704, 716 (1947)). All of the facts and circumstances of each case are considered, and no single factor is dispositive. <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. at 270.

A.      Degree of Control

The right of the principal to exercise control over the agent, whether or not the principal in fact does so, is the "crucial test" for the employer-employee relationship. Weber v. Commissioner, 103 T.C. at 387. "The employment relationship exists when the principal retains the right to direct the manner in which the work is done, and to control the methods used in doing the work, and to control the details and means by which the desired result is accomplished." Ellison v. Commissioner, 55 T.C. 142, 152-153 (1970). In order to show the requisite degree of control, "the alleged employer need not 'stand over the employee and direct every move that he makes.'" Simpson v. Commissioner, 64 T.C. 974, 985 (1975).

Petitioner argues that he could not control the persons working for AAB and that they set their own hours and chose their own work. Petitioner credibly testified that "each outside service provider provided an individual direct service, from pinstriping to windows to glass to bumper repair to bumpers" and that the individuals worked at their own pace with their own methods to create a finished, deliverable product.

Petitioner did not control the workers engaged in the actual body work of AAB. As the person for whom the services were performed, in order for the workers to be employees petitioner needed to have

> "the right [whether or not exercised] to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. * * *"

See Simpson v. Commissioner, 64 T.C. at 984 (quoting section 31.3121(d)-1(c)(2), Employment Tax Regs.). This was simply not the case for those persons engaged in auto work at AAB.

However, as to Mr. Mark and the two workers who performed secretarial duties, the record is extremely sparse on petitioner's ability to control. It seems to show that petitioner had the right to control their work, and petitioner did not prove that he did not control their work. Accordingly, this factor weighs heavily in favor of independent contractor status for the auto workers and employee status for Ms. Dinger, Ms. Gonzalez, and Mr. Mark.

B.    Investment in Facilities

The fact that a worker provides his or her own tools or owns a vehicle that is used for work is indicative of independent contractor status. Ewens & Miller, Inc.

v. Commissioner, 117 T.C. at 271-272 (citing Breaux & Daigle, Inc. v. United States, 900 F.2d 49, 53 (5th Cir. 1990)).  Additionally, maintenance of a home office is consistent with, but not determinative of, independent contractor status. Lewis v. Commissioner, T.C. Memo. 1993-635.

Petitioner argues that each of the persons working at AAB owned his own tools.  Unfortunately, the stipulation of facts, which became absolute when petitioner did not object to the Rule 91(f) motion, explicitly states that each of the listed workers did not own his own tools.  At trial petitioner did not present any evidence contrary to the stipulation of facts besides his and Ms. Dinger's testimony. Ms. Dinger stated that the workers owned their own hand tools but explained that AAB owned and maintained heavy equipment such as sprayers, a framing machine, and lift equipment.  This Court finds it especially unconvincing that the two workers who performed secretarial tasks provided their own equipment.  There is no evidence whether any of the workers maintained a home office.  The Court concludes that this factor weighs in favor of an employer-employee relationship for all of AAB's workers.

C.    Opportunity for Profit or Loss

Compensation on a commission basis is entirely consistent with an employer-employee relationship.  Tex. Carbonate Co. v. Phinney, 307 F.2d 289,

292 (5th Cir. 1962); Capital Life & Health Ins. Co. v. Bowers, 186 F.2d 943, 944-945 (4th Cir. 1951).  However, compensation in the form of commissions can also be indicative of independent contractor status.  See Simpson v. Commissioner, 64 T.C. at 988.  In Simpson the Court found, inter alia, that because the worker's opportunity for "profit or loss in any given year was solely dependent upon his own efforts and skill" he was an independent contractor.  Id.  Petitioner paid the auto body workers weekly with the amount depending on the commissions and the type of work they performed.  Although the auto workers were paid on the basis of their own efforts and skill, they were not entirely dependent on themselves because petitioner was responsible for finding most of the work.  Nevertheless, the auto body workers also obtained some of their own work independently from AAB.  There is no evidence in the record as to how the compensation of Mr. Mark and the workers performing secretarial duties was determined.  Accordingly, this factor is neutral for the auto workers and weighs in favor of employee status for Ms. Dinger, Ms. Gonzalez, and Mr. Mark.

D.    Right To Discharge

Employers typically have the power to terminate employees at will.  Ellison v. Commissioner, 55 T.C. at 155.  At trial petitioner explained that as to the persons working at AAB "could they be discharged by me?  Absolutely.  If I didn't like

their service or we were done for whatever reason". Accordingly, the Court concludes that this factor weighs in favor of an employer-employee relationship.

E. Integral Part of Business

Before the workers listed in the notice of determination began working at AAB, petitioner performed all of the services himself. However, once the business expanded, petitioner needed the flexibility of independent workers to handle the varying types of jobs and numbers of cars. Because petitioner paid the auto workers commissions based on the work they did, he could support different amounts of business. As the business expanded the workers became an important part of AAB. We note that when workers are an essential part of the taxpayer's normal operations the Court has found this factor to weigh in favor of an employer-employee relationship. See Day v. Commissioner, T.C. Memo. 2000-375. However this case is distinguishable from Day because petitioner's main job was to estimate repairs for Mercury Insurance, and he would then refer vehicles to the workers for repairs.

The Court concludes that this factor is neutral. The business could have survived without the workers; the workers had previously survived and in the future could and did survive without AAB. Petitioner was capable of performing

the services on his own and could have cut back the number of vehicles he took in to accommodate his loss of workers. Alternatively he could have referred or subcontracted the repair work out to other independent contractors. Therefore this factor indicates neither independent contractor nor employee status.

F.       Permanency of the Relationship

A transitory work relationship may weigh in favor of independent contractor status. Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 273 (citing Herman v. Express Sixty-Minutes Delivery Serv., Inc., 161 F.3d 299, 305 (5th Cir. 1998)). The principal's right to discharge the worker, and the worker's right to quit, at any time, is a factor. Id. The workers at AAB were all allowed to leave or quit at will, and some did. They could also have been discharged at will. At least six body workers left, and respondent treated them as independent contractors. Because both independent contractors and employees can be terminated at will, we accord this factor less weight. See Lewis v. Commissioner, T.C. Memo. 1993-635 (citing Neely v. Commissioner, T.C. Memo. 1978-18). Accordingly, this factor weighs slightly in favor of independent contractor status.

G.       Relationship the Parties Thought They Created

Petitioner certainly thought that he was creating independent contractor relationships with workers at AAB. For three years before opening AAB,

petitioner and Mr. Red had worked together repairing cars as independent contractors. The former workers who testified seemed aware that petitioner believed that they were independent contractors while working for him, and they agreed. Thus, the Court concludes that both petitioner and the AAB workers listed in the notice of determination intended to create independent contractor relationships.

H.      Provision of Employee Benefits

Petitioner did not offer the workers listed in the notice of determination any employee benefits. Benefits are typically provided to employees rather than independent contractors. See Weber v. Commissioner, 103 T.C. at 393-394. When AAB closed or a worker left, none of the workers claimed unemployment benefits under California law. Accordingly, this factor tends to weigh in favor of independent contractor status.

I.      Conclusion

After weighing the above factors, the Court concludes that the auto body repair workers listed in the notice of determination were independent contractors and Ms. Dinger, Ms. Gonzalez, and Mr. Mark were employees.

III.     Section 530 Relief

Respondent also determined that petitioner is not entitled to relief from employee classification of its workers under section 530.

Section 530(a)(1) provides that an individual will be deemed not to be an employee of a taxpayer for purposes of applying employment taxes to that taxpayer, if the taxpayer satisfies three requirements:  (1) the taxpayer must not have treated the individual as an employee for any period; (2) the taxpayer must have consistently treated the individual as not being an employee on all tax returns for periods after December 31, 1978; (3) the taxpayer must have had a reasonable basis for not treating the individual as an employee.  Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 130 (2002), aff'd, 93 Fed. Appx. 473 (3d Cir. 2004).

Respondent concedes that petitioner meets the first requirement because he did not treat any of the workers as employees for any period.  Respondent, however, contends that petitioner failed to meet the second requirement because he never filed Forms 1099-MISC for any of the workers in question as required by sections 6041(a) and 6041A(a).  We note that "For tax periods after December 31, 1978, relief under § 530 is available only if     * * * [the taxpayer] filed required tax or information returns. § 530(a)(1)".  Gen. Inv. Corp. v. United States, 823 F.2d 337,

341 (9th Cir. 1987). To qualify for relief under section 530(a)(1), a taxpayer must satisfy all three requirements; and because we have found that petitioner fails to meet the second requirement, he does not qualify for relief under section 530. See Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. at 130.

IV. Employment Taxes

Because this Court found that three persons, Ms. Dinger, Ms. Gonzalez, and Mr. Mark, listed in the notice of determination were his employees and he did not present any evidence that the amounts of employment tax listed in the notice of determination were incorrect, petitioner is liable for the employment taxes related to those three employees.[3]

V. Section 6651 Addition To Tax and Section 6656 Penalty

Under section 6656(a), if a taxpayer fails to make a required deposit on the date prescribed for that deposit, a penalty equal to the applicable percentage of the amount of the underpayment, determined pursuant to section 6656(b), shall be imposed. Section 6656(a) also provides that the penalty shall not be imposed if "it

---

[3]We note that under sec. 3402(d) respondent will abate these taxes to the extent that the employees paid the tax and petitioner shows the taxes have been paid by these three employees. See Cain v. Commissioner, T.C. Memo. 2009-54; sec. 31.3402(d)-1, Employment Tax Regs.

is shown that such failure is due to reasonable cause and not due to willful neglect".

Likewise section 6651(a)(1) imposes an addition to tax for failure to timely file the tax return.[4] This addition to tax is also not to be imposed if the failure to pay was due to reasonable cause and not willful neglect.

Although we did find that certain of petitioner's workers were independent contractors and others were employees, we do not find that he had reasonable cause for failing to make the required deposits and timely pay tax for the three employees. As discussed <u>supra</u> petitioner did not issue a Form W-2 or a Form 1099-MISC to any of his workers, and it would be inconsistent for us to find that petitioner did not have reasonable cause for treating his employees as independent contractors but had reasonable cause for failing to make the required deposits and timely pay tax. Petitioner also did not provide any evidence of or explanation as to reasonable cause at trial. Petitioner is liable for the section 6656(a) penalty and the section 6651(a)(1) addition to tax for the three workers that this Court has found to be employees.

---

[4]We note that if the taxpayer has failed to file a return the tax may be assessed at any time. Sec. 6501(c)(3).

The Court has considered all of the parties' contentions, arguments, requests, and statements. To the extent not discussed herein, we conclude that they are meritless, moot, or irrelevant.

To reflect the foregoing,

Decision will be entered under

Rule 155.