T.C. Memo. 2013-64

UNITED STATES TAX COURT

MIECZYSLAW KUREK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5459-11.

Filed February 28, 2013.

Mark S. Goldstein, for petitioner.

Joan Casali, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  This case is before the Court on a petition for

redetermination of employment status.  Respondent issued a Notice of

Determination of Worker Classification (notice of determination) for tax year 2005

regarding petitioner's liabilities under the Federal Insurance Contribution

[*2] Act (FICA), income tax withholding (ITW) imposed by sections 3401 through 3406, and the Federal Unemployment Tax Act (FUTA). Respondent determined deficiencies with respect to petitioner's Federal employment and unemployment tax as follows:

| Tax period ended | Type of tax | Amount |
| --- | --- | --- |
| 3/31/05 | FICA | $7,613.85 |
| 6/30/05 | FICA | 4,917.72 |
| 9/30/05 | FICA | 7,644.47 |
| 12/31/05 | FICA | 3,898.12 |
| 12/31/05 | ITW | 6,743.46 |
| 12/31/05 | FUTA | 8,572.37 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent has conceded all additions to tax and penalties. The issues remaining for consideration are (1) whether the workers listed in the notice of determination should be legally classified as petitioner's employees or as independent contractors for all taxable periods in tax year 2005 and (2) whether petitioner is entitled to relief under the Revenue Act of 1978, Pub. L. No. 95-600,

[*3] sec. 530, 92 Stat. at 2885, as amended (section 530), which in certain circumstances deems an individual not to be an employee.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. We incorporate by reference the stipulation of facts and the attached exhibits.

Petitioner resided in New York at the time he filed the petition. During the year in issue petitioner was the sole proprietor of KMA Construction. KMA Construction made improvements to the interior of homes, such as kitchens, bathrooms, and floors. KMA Construction engaged in installing tile, sheetrock, doors, and windows, as well as painting and carpentry.

In tax year 2005 petitioner, through KMA Construction, worked on approximately 20 to 30 projects in residences in Brooklyn, New York. Some projects overlapped, and there were some gaps between projects. When petitioner had time, he did the labor himself. Petitioner also hired the following individuals (collectively, workers) to work for KMA Construction during the following quarters of 2005:

| [*4] Individual | First quarter | Second quarter | Third quarter | Fourth quarter |
|---|---|---|---|---|
| A.G. | X | X | | |
| B.S. | X | X | X | X |
| E.R. | X | X | X | X |
| G.P. | X | | | |
| J.P. | X | | | |
| L.K. | X | | | |
| M.K. | X | X | | |
| M.P. | | | X | X |
| P.B. | X | X | X | X |
| R.K. | X | X | X | X |
| R.U. | X | X | X | |
| R.P. | X | | | X |
| S.K. | X | | X | |
| S.Z. | | X | X | X |
| W.S. 1 | X | X | X | X |
| W.S. 2 | X | X | X | X |
| W.K. | X | X | X | X |
| W.R. | X | X | | |
| G.K. | | X | X | |
| D.M. | X | X | X | |
| K.T. | X | | | |
| K.M. | X | X | | X |

| [*5] A.C. | X | X |   |   |
|---|---|---|---|---|
| J.O. | X | X |   |   |
| A.S. |   | X | X | X |
| E.F. |   | X |   |   |
| J.F. |   | X |   |   |
| B.P. |   |   | X | X |
| S.G. |   |   |   | X |

Petitioner supervised the workers. He told the workers what work needed to be done and set deadlines for the jobs. All workers worked on a project-to-project basis; none worked full time for petitioner. The workers did not work under business names or advertise to the public. Petitioner paid each worker a flat fee, as negotiated for a particular job on a particular project. He paid each worker every week according to the percentage of the work the worker completed. He paid the workers by checks made out to them personally.

Petitioner also managed the day-to-day operations of KMA Construction. Petitioner worked closely with the homeowner on each project. Petitioner discussed with the homeowner the details of the work to be performed and the supplies needed. Petitioner negotiated the cost of the project with the homeowner, factoring in the payments that he negotiated with the workers. The homeowners paid petitioner directly; the workers did not bill the homeowners for the work they

**[*6]** performed. If there was a problem with the work, the homeowners spoke with petitioner. Petitioner did not inform the homeowners that he would use subcontractors or independent contractors.

The workers set their own hours and work schedules. Petitioner was at the worksite only once a day or once every other day. Petitioner did not tell the workers how to do their jobs, but he would replace workers if a deadline was approaching or if a worker was holding up a job. If petitioner thought a worker was doing the work improperly, he would order the worker to repair the problem or redo the work. Petitioner testified that the workers were to bring in assistants, whom the workers would have to pay themselves, but none of the workers used assistants. Petitioner allowed the workers to work simultaneously on other projects with him or with other construction groups. Petitioner required that the workers finish their respective jobs by the deadlines he set.

The workers found their own transportation to the worksites. If a worker was working on two of petitioner's projects simultaneously, petitioner sometimes drove the worker between the two worksites. The workers brought their own sets of small tools, worth around $1,000, to the worksites. Petitioner did not reimburse the workers for those tools. Petitioner bought or rented all larger tools, which he left at the worksites. Petitioner purchased materials needed for the projects, and

[*7] the homeowners would reimburse him. Occasionally, workers purchased lightweight materials as needed during the project, and petitioner would reimburse them.

Petitioner did not provide an office or any other facility for the workers. Petitioner did not train the workers, and he did not offer them any employee benefits. He did not provide sick or vacation pay, medical insurance, pension plans, or other benefits. He did not carry unemployment insurance, severance pay, or workers' compensation insurance for the workers. Petitioner did not require the workers to have any type of insurance or license.

Petitioner did not issue Forms 1099-MISC, Miscellaneous Income, or Forms W-2, Wage and Tax Statement, to any of the workers for tax year 2005. He likewise did not file Forms 941, Employer's Quarterly Federal Tax Return, for any quarters in tax year 2005 or a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for tax year 2005. Petitioner did not pay any employment taxes or remit periodic deposits for the workers.

On September 14, 2009, respondent prepared substitutes for returns for petitioner's Forms 941 for all quarters in tax year 2005 as well as a substitute for return for petitioner's Form 940 for tax year 2005. On December 13, 2010, respondent sent petitioner the notice of determination.

**[*8]**                                              OPINION

I.     Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and a taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). This principle applies to the Commissioner's determination that a taxpayer's workers are employees. Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 268 (2001). If an employer-employee relationship exists, its characterization by the parties as some other relationship is immaterial. Sec. 31.3121(d)-1(a)(3), Employment Tax Regs. Section 7491, which shifts the burden of proof to the Secretary in certain other circumstances, does not apply to employment tax disputes. Sec. 7491(a)(1); Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003), aff'd, 425 F.3d 1203 (9th Cir. 2005); Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 123 n.2 (2002), aff'd, 93 Fed. Appx. 473 (3d Cir. 2004).

II.    The Workers' Legal Classification

Employers and employees are subject to "employment taxes", i.e., FICA and FUTA. FICA provides a Social Security tax payable by both employers and employees. See secs. 3101, 3111. FUTA provides for unemployment taxes

**[\*9]** payable by employers. <u>See</u> secs. 3301-3311. Employers are required to withhold FICA tax and Federal income tax on wage payments they make to their employees. <u>See</u> secs. 3102, 3402. These employment taxes do not apply to payments to independent contractors.

Whether an individual is an employee or an independent contractor is a factual question to which common law principles apply. <u>Weber v. Commissioner</u>, 103 T.C. 378, 386 (1994), <u>aff'd per curiam</u>, 60 F.3d 1104 (4th Cir. 1995); <u>see</u> secs. 3121(d)(2), 3306(i). In determining whether a worker is an employee or an independent contractor, the Court considers (1) the degree of control exercised by the principal over the details of the work; (2) which party invests in the facilities used by the worker; (3) the opportunity of the worker for profit or loss; (4) whether the principal can discharge the worker; (5) whether the work is part of the principal's regular business; (6) the permanency of the relationship; and (7) the relationship the parties believed they were creating. <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. at 270; <u>Weber v. Commissioner</u>, 103 T.C. at 387. All of the facts and circumstances are considered, and no one factor dictates the outcome. <u>Ewens & Miller, Inc. v. Commissioner</u>, 117 T.C. at 270.

**[\*10]**  A.    Degree of Control

The right of the principal to exercise control over the agent, whether or not the principal in fact does so, is the "crucial test" for the existence of an employer-employee relationship.  Weber v. Commissioner, 103 T.C. at 387; Atl. Coast Masonry, Inc. v. Commissioner, T.C. Memo. 2012-233, at \*15.  Under the common law, an employer-employee relationship exists when the principal has the right to control and direct the service provider regarding the result and how the result is accomplished.  Secs. 31.3121(d)-1(c)(2), 31.3306(i)-1(b), 31.3401(c)-1(b) Employment Tax Regs.  The principal need not actually direct or control the manner in which the services are performed; the principal need only have the right to do so. See Weber v. Commissioner, 103 T.C. at 388; Twin Rivers Farm, Inc. v. Commissioner, T.C. Memo. 2012-184, slip op. at 7.  Similarly, the principal need not set the worker's hours or supervise every detail of the work environment to control the worker.  Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 270 (citing Gen. Inv. Corp. v. United States, 823 F.2d 337, 342 (9th Cir. 1987)).  Workers who set their own hours are not necessarily independent contractors.  Id.

Petitioner failed to prove that he did not have control over the workers. Although the workers set their own hours, petitioner set deadlines and monitored the work done, visiting the worksite daily or every other day.  Petitioner (1) had

**[*11]** the ultimate authority in instructing the workers with respect to what they were do to; (2) had the right to approve the quality of their work; and (3) paid them weekly rather than at the end of the project. See Atl. Coast Masonry, Inc. v. Commissioner, at *15-*16. Moreover, only petitioner communicated with the homeowner, and he alone was responsible for the success of the project. This factor weighs heavily in favor of classifying the workers as employees.

     B.     <u>Investment in Facilities</u>

The fact that a worker provides his or her own tools generally indicates independent contractor status. Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 271. Likewise, the fact that a worker provides his or her own goods indicates independent contractor status. See id. Petitioner supplied all heavy tools, but the workers owned the small tools they used to perform the bulk of their work. Petitioner purchased all materials used by the workers, but often the homeowners reimbursed him for the materials. See Atl. Coast Masonry, Inc. v. Commissioner, at *16-*17. If a worker purchased any materials, petitioner would reimburse him. Petitioner did not provide the workers with offices or any other facilities. This factor weighs slightly in favor of classifying the workers as employees.

**[\*12]** C.     Opportunity for Profit and Risk of Loss

Petitioner paid the workers a negotiated flat fee.  This insulated the workers

from suffering a loss if the project went over budget and prevented them from

realizing profit if the project finished under budget.  See id. at \*16.  The flat fee

payment also prevented workers from increasing their earnings from petitioner

through their efforts.  This factor weighs in favor of classifying the workers as

employees.

D.     Right To Discharge the Workers

Employers typically have the right to terminate employees at will.  Ellison v.

Commissioner, 55 T.C. 142, 155 (1970); Atl. Coast Masonry, Inc. v.

Commissioner, at \*18; John Keller, Action Auto Body v. Commissioner, T.C.

Memo. 2012-62, slip op. at 11.  Although petitioner hired the workers on a project-

to-project basis, he could replace any worker who did not meet a deadline or did not

perform to petitioner's satisfaction.  This factor weighs in favor of classifying the

workers as employees.

E.     Integral Part of the Business

When workers are an essential part of a taxpayer's normal operations this

factor generally weighs in favor of an employee-employer relationship.  See Atl.

Coast Masonry, Inc. v. Commissioner, at \*18; John Keller, Action Auto Body v.

**[\*13]** Commissioner, slip op. at 12.  Although petitioner performed some work himself, the workers were an essential part of petitioner's business.  The record indicates that without them, petitioner would not have had time to finish 20 to 30 projects in one year, while finding new projects and working closely with the homeowners.  This factor weighs in favor of classifying the workers as employees.

  F.  Permanency of the Relationship

A transitory work relationship may point toward independent contractor status.  Ewens & Miller, Inc. v. Commissioner, 117 T.C. at 273.  In considering the permanency of the relationship, we must also consider the principal's right to discharge the worker, and the worker's right to quit, at any time.  Id.; John Keller, Action Auto Body v. Commissioner, slip op. at 13.

Petitioner engaged workers for only one project at a time.  See Atl. Coast Masonry, Inc. v. Commissioner, at \*19.  None of the workers worked full time; only seven workers worked all four quarters.  The workers were free to work on other projects with petitioner or with other construction groups.  Petitioner, however, could discharge a worker at any time.  This factor weighs slightly in favor of classifying the workers as independent contractors.

**[*14]** G.    The Relationship the Parties Believed They Created

Both petitioner and witness Jan Pieniuk, one of the workers, credibly testified that petitioner and the workers believed they created an independent contractor relationship.  This factor weighs in favor of classifying the workers as independent contractors.

After weighing the above factors, we conclude that the workers listed in the notice of determination were petitioner's employees for tax year 2005.

III.    Section 530 Relief

Section 530 may afford a taxpayer relief from employment taxes even if the relationship between the principal and the worker would otherwise require the payment of those taxes.  Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. at 106.  Section 530(a)(1) provides relief if the principal satisfies the following requirements:  (1) the principal has not treated the worker as an employee for any period; (2) the principal has consistently treated the worker as not being an employee on all tax returns for periods after December 31, 1978; and (3) the principal had a reasonable basis for not treating the worker as an employee.  Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. at 130.  The principal must satisfy all three requirements to qualify for relief under section 530(a)(1).  Id.

**[*15]** Petitioner fails to meet the second requirement. For a taxpayer to consistently treat the worker as an independent contractor on his or her tax returns, the taxpayer must file Forms 1099-MISC as required by sections 6041(a) and 6041A(a). See John Keller, Action Auto Body v. Commissioner, slip op. at 15 (noting that for tax periods after December 31, 1978, section 530 affords relief only if the taxpayer filed required tax or information returns and citing Gen. Inv. Corp. v. United States, 823 F.2d at 341); see also secs. 1.6041-1(a)(1) and (2), 1.6041-6, Income Tax Regs. Petitioner never filed Forms 1099-MISC for any of the workers. Accordingly, petitioner does not qualify for relief under section 530.

IV. Conclusion

We hold that the workers listed in the notice of determination were petitioner's employees for tax year 2005 and that he is liable for Federal employment taxes as determined by respondent. Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing and respondent's concessions,

An appropriate decision will be entered.